United States Court of Appeals
Fifth Circuit

**F I L E D**

October 20, 2004

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 03-20460

_____

UNITED STATES OF AMERICA, ex rel. Dan GRAVES and Susan Newman

Plaintiffs-Appellants

versus

ITT EDUCATIONAL SERVICES, INC., PRICE WATERHOUSE, COOPERS LLP,

and Rene R. Champagne,

Defendant-Appellees

_____

Appeals from the United States District Court for
the Southern District of Texas
(Civ. A. H-99-3889)

_____

Before DeMOSS, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

In this False Claims Act case Relators Dan Graves and Susan Newman sued ITT Educational Services, Inc. and its Chairman Rene R. Champagne (together "ITT") along with its auditor Pricewaterhouse Coopers, LLP, alleging violations of the False Claims Act, 31 U.S.C. §3729, *et seq*. ITT participated in federal student financial aid programs under Title IV of the Higher Education Act

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

of 1995, 20 U.S.C. §1078, *et seq.* Under these programs the United States Government insured educational loans and made direct educational grants to students enrolled at ITT. Title IV, Part G, §487(a)(20) of the HEA prohibits participating educational institutions such as ITT from making commission or incentive payments to admissions or recruitment personnel based on success in securing enrollments or financial aid to students. Relators contend that ITT and Champagne falsely promised to comply with the statute and falsely certified that ITT would comply with it. Relators also allege that Pricewaterhouse Cooopers, in its audits of ITT, made false statements as to ITT's attestations of compliance and as to whether ITT's financial statements fairly represented its financial condition.

ITT moved to dismiss Relators' complaint under Rule 12(b)(b) and Pricewaterhouse Coopers moved to dismiss under Rules 12(b)(6) and 9(b). Based on the factual allegations in Relators' complaint and the facts presented in Relators' exhibits, the district court granted Defendants' motions to dismiss with prejudice. Having reviewed the record and fully considered the parties' briefs and oral arguments, we find no reversible error in the district court's judgment. We therefore AFFIRM the district court's judgment, *United States ex rel. Graves v. ITT Educational Services, Inc.*, 284

F. Supp. 2d 487 (S.D. Tex. 2003), essentially for the reasons stated in its memorandum opinion and order.[2]

---

[2] For clarification purposes, we note shortly after the district court issued its opinion, a panel of this Court in *U.S. ex rel. Willard v. Humana Health Plan*, 336 F.3d 375 (5th Cir. 2003), stated: "While this Circuit has decided cases dealing with FCA liability based on express certifications of compliance with various statutes and regulations, we have not specifically addressed whether FCA liability can be based on an 'implied certification' theory." *Id.* at 381. Therefore, we must excise from an essential approval of the district court's reasons its statement that we have adopted an implied certification theory. 284 F.Supp. 2d at 497. Notwithstanding that statement, the district court reached the correct result.